# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| CLAIMSOLUTION, INC., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 17-2005-JWL-GEB |
| CLAIM SOLUTIONS, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Leave to File Answer or Otherwise Respond Out of Time (**ECF No. 6**). For the reasons set forth below, Defendant's motion is **GRANTED**.

## I.  Background[1]

### A.  Nature of the Case

This trademark infringement dispute originated from, as one may guess from the caption, two apparently similar business names. Plaintiff ClaimSolution, Inc.—a Missouri corporation with a principle place of business in Overland Park, Kansas—provides insurance claims processing and administration services for insurance companies, in connection with both commercial and personal lines of business. It also

---

[1] The information recited in this section is taken from the pleadings (Compl., ECF No. 1; Def.'s proposed Motion to Dismiss, ECF No. 7, Exs. 3-4), and from the briefs regarding Defendant's Motion for Leave (ECF Nos. 6, 7, 8, 9). This background information should not be construed as judicial findings or factual determinations.

offers adjusting and appraisal services for insurance companies, fleet and self-insured entities. Plaintiff has been in the insurance business for more than 20 years, and operates over 40 offices nationwide. As a part of its business, Plaintiff owns, and currently uses, the United States trademark "CLAIMSOLUTION."

Defendant Claim Solutions, LLC, a Colorado corporation, is also in the business of insurance claims processing and insurance claims administration, but unlike Plaintiff, it represents insureds. Plaintiff claims Defendant offers its services throughout the Denver metropolitan area and into western Kansas, although Defendant disputes any presence in Kansas.[2] As a part of its business, Defendant markets itself as "Claim Solutions." Defendant has also registered the internet domain name "www.claimsolutionspa.com" and uses the website in its marketing and promotions.

Plaintiff contends "Claim Solutions" is confusingly similar to its registered trademark, CLAIMSOLUTION. Because Plaintiff represents insurers, and Defendant represents insureds, it alleges Plaintiff's customers have, and will continue to be, misled into believing Plaintiff represents both sides of the insurance claims process.

In May 2016, Plaintiff notified Defendant of its potential infringement on its registered trademark, demanding that Defendant remove any similar marks from its website and marketing materials, surrender its internet domain name to Plaintiff, and cease use of the name "Claim Solutions." Several months after Defendant failed to respond or comply with Plaintiff's demands, Plaintiff filed its lawsuit in this Court. Plaintiff asks the Court to permanently enjoin Defendant from using the "ClaimSolution"

---

[2] *See* Def.'s proposed Motion to Dismiss, ECF No. 7, Exs. 3-4.

and "Claim Solutions" trademarks, along with other confusing identifiers, such as website and email. Plaintiff also requests the Court order Defendant to undertake corrective advertising. Plaintiff seeks actual damages and all profits of Defendant attributable to Defendant's infringement, as well as statutory damages under both the Trademark and Anti- Cybersquatting Protection Acts.

### B. Procedural Posture

Plaintiff filed its Complaint on January 4, 2017 (ECF No. 1), and on January 25, 2017, Plaintiff served Defendant with the Summons and Complaint by private process server (ECF No. 5). Defendant's answer or responsive pleading was due, under Fed. R. Civ. P. 12(a)(1)(A)(i), on or before February 15, 2017. However, Defendant failed to timely respond, and on March 1, 2017, filed the instant motion, seeking to respond out of time.

In his sworn declaration, Defendant's founder and managing partner, Russell Scott Benglen, states he communicated with his Colorado business counsel regarding the Complaint, and the Colorado attorney began drafting an answer.[3] But, due to apparent miscommunication, Mr. Benglen believed his counsel was securing local Kansas counsel to handle the case, while Colorado counsel believed Mr. Benglen was looking for representation in Kansas. After realizing their miscommunication, Mr. Benglen attempted unsuccessfully to locate willing Kansas counsel to handle the case. He then engaged current defense counsel on the afternoon of February 23, 2017—eight days after

---

[3] Decl. of Russell Scott Benglen, ECF No. 7, Ex. 1.

the answer deadline. The next day, Defendant's counsel contacted counsel for Plaintiff to inquire whether Plaintiff would oppose Defendant's motion for leave to respond out of time. After Plaintiff's counsel indicated he would need to investigate his client's position, and then receiving no further response, Defendant filed the instant motion (ECF No. 6) on March 1, 2017. Plaintiff formally opposes the belated filing (ECF No.8), all related briefing is complete, and the issue is now ripe for decision.

II. Motion for Leave to File Out of Time (ECF No. 6)

A. Legal Standard

The standard for permitting a party to file its pleading out of time is well established. Fed. R. Civ. P. 6(b)(1)(B) provides in pertinent part, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[4]

"It is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[5] The court generally considers four factors when determining whether a party's actions establish excusable neglect, including:

(1) the danger of prejudice to the opposing party,
(2) the length of delay caused by the neglect and its impact on judicial proceedings,

---

[4] *Alsbrooks v. Collecto, Inc.*, No. 10-2271-JTM, 2010 WL 4067145, at *1 (D. Kan. Oct. 15, 2010).
[5] *Id.* at *2 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993) (internal edits omitted).

(3) the reason for delay and whether it was in the reasonable control of the moving party and
(4) the existence of good faith on the part of the moving party.[6]

The reason for the delay in filing the answer is of utmost importance, "if not the most important factor" in the court's analysis.[7] The decision to permit the late filing of a pleading lies within the court's discretion,[8] and "the preferred disposition of any case is upon its merits and not by default judgment."[9]

B. **Discussion**

Of the factors analyzed by the Court, Plaintiff claims the balance of the factors weigh in favor of denying Defendant's motion. Defendant argues its actions constitute excusable neglect. Each argument raised by the parties is addressed in turn.

1. **Prejudice to Plaintiff**

Defendant contends Plaintiff will suffer no prejudice from its two-week delay in seeking to respond to the Complaint. As of the date of Defendant's filing of its motion for leave, Plaintiff had taken no additional steps to resolve the case. Conversely, Plaintiff

---

[6] *Id.* (citing *Scott v. Power Plant Maint. Specialists, Inc.,* No. 09–2591, 2010 WL 1881058, at *2 (D. Kan. May 10, 2010) (citing *Hamilton v. Water Whole Intern. Corp.,* 302 Fed. Appx. 789, 798 (10th Cir. 2008)).
[7] *Id.* (citing *Scott,* 2010 WL 1881058, at *2) (citing *United States v. Torres,* 372 F.3d 1159, 1163 (10th Cir. 2004)).
[8] *See Brooke Credit Corp. v. Lobell Ins. Servs., LCC*, No. 06-2577-CM, 2008 WL 717964, at *1 (D. Kan. Mar. 14, 2008) (citing *Jetcraft Corp. v. Banpais, S.A. De C.V.,* 166 F.R.D. 483, 485 (D. Kan. 1996) (citing *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995)).
[9] *Cochran v. Shri Ambaji Corp.*, No. 14-2491-EFM-KMH, 2015 WL 2114025, at *4 n. 28 (D. Kan. May 6, 2015) (conditionally denying plaintiff's motion for default judgment, granting defendant's motion to set aside the clerk's entry of default, and granting defendant leave to file its answer out of time) (citing *Crutcher v. Coleman,* 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970)).

argues allowing Defendant to respond to the Complaint will result in Defendant filing a motion to dismiss, rather than an answer, which would prejudice Plaintiff by delaying the case and increasing its litigation costs.

Plaintiff offers no legal authority for its argument that, simply because Defendant plans to file a dispositive motion, it is somehow more prejudiced now than if Defendant had filed the motion by its original deadline. But the right of any defendant to file a dispositive motion is inherent in any proceeding, and any accompanying delay or resulting costs are likewise intrinsic to the litigation process. Without more, the Court finds that Plaintiff has not demonstrated true prejudice.[10] This factor weighs in favor of Defendant.

### 2. Length of Delay and Impact on Judicial Proceedings

Plaintiff argues Defendant's delay is substantial, relying not only upon the two weeks it took for Defendant to formally act, but including the several months since Defendant received Plaintiff's cease and desist letter in May 2016 and failed to act. Defendant disagrees that any pre-suit inaction should be considered, and even if the pre-suit period is considered, claims Plaintiff itself is partially responsible for the delay for waiting so long to file its case. Neither argument is particularly availing.

---

[10] *See Clinical Reference Lab., Inc. v. Salugen Biosciences, Inc.*, No. 12-2768-KHV, 2013 WL 1816352, at *3 (D. Kan. Apr. 29, 2013) (finding, where one month passed between the original answer deadline and the date defendant filed its motion to answer out of time, some delay is inherent "in all cases" and "without more, the Court finds that plaintiff has not shown that it will be prejudiced.").

Plaintiff offers no authority for its proposition that the Court should aggregate any pre- and post-suit delay. But generally, the cases reviewed by the parties and by this Court consider only post-suit delay—most likely because this factor considers the length of delay in the specific context of its effect on judicial proceedings.[11] Therefore, the Court considers only post-suit delay, and given the short time period—two weeks—finds Plaintiff has not shown the delay would impact judicial proceedings in an unusual manner.[12] No scheduling order is in place, and no other Court action has occurred. Therefore, this factor also weighs in favor of Defendant.

### 3. Reason for the Delay and Whether It Was In Defendants' Control

The reason for Defendant's delay, and whether or not it was in Defendant's control, is the most important factor to consider.[13] Plaintiff contends Defendant offers no reasonable excuse for its delay, because the ultimate reason for its delay was miscommunication between Defendant and its Colorado counsel. It suggests this miscommunication was due to poor lawyering, akin to ignoring a deadline. Defendant

---

[11] *See, e.g., id.* (permitting defendant to file its answer out of time, noting the delay was "a little over one month, which courts have generally found to favor the party seeking leave to file out of time"); *Alsbrooks*, 2010 WL 4067145, at *2 (permitting filing of an answer after a 28-day delay between answer deadline and motion; noting "Without more, delays of two months have been found to be "relatively innocuous") (citing *Welch v. Centex Home Equity Co., L.L.C.,* No. 03–2132–JWL–DJW, 2004 WL 2348295, at * 1 (D. Kan. Apr. 23, 2004)).

[12] *See, e.g.*, *Alsbrooks*, 2010 WL 4067145, at *2 (finding plaintiff was not seriously prejudiced because the length of delay was less than one month); *Lewis v. Sprint Nextel*, No. 08–2458–JAR, 2008 WL 5263782, at *2 (D. Kan. Dec. 5, 2008) (finding a delay of approximately one month from the answer deadline and the motion for leave to file answer out of time was not prejudicial).

[13] *See supra* note 7 and accompanying text.

disagrees that the simple error in communication rises to the level of poor lawyering, and the Court concurs.

Although a consistent definition of "excusable" neglect among the rules and case law is difficult to pinpoint, courts have forgiven missed deadlines caused by such mistakes as clerical calendaring errors, miscalculations of deadlines, and mishandling of documents.[14] In contrast, courts have been reluctant to find excusable neglect "where counsel misconstrues or misinterprets the rules or law or makes poor tactical choices."[15] Those cases in which courts disallowed untimely filings include cases where counsel ignored deadlines, especially due to workload; failed to explain an error calculating a deadline; or misinterpreted the law.[16]

The miscommunication in this case was not a poor tactical choice by the attorney, or a missed deadline due to workload. This is a simple miscommunication between the Defendant's managing partner and its out-of-state counsel about who was responsible for moving the file down the road to Kansas counsel. Once the miscommunication was discovered, Defendant acted to remedy the inaction. Much like where counsel

---

[14] *See Clinical Reference Lab., Inc.*, 2013 WL 1816352, at *3 (collecting District of Kansas and Tenth Circuit Court of Appeals cases where courts have permitted untimely filings) (citing *Brown v. Fisher,* 251 Fed. Appx. 527, 533 (10th Cir. 2007); *Hancock v. City of Okla. City,* 857 F.2d 1394, 1396 (10th Cir.1988); *Espy v. Mformation Techs.,* No. 09–2211–EFM, 2009 WL 2912506, at *11 (D. Kan. Sept. 9, 2009); *Law v. Bd. of Trs. of Dodge City Cmty. Coll.,* 08–1212–JTM–DWB, 2008 WL 5120037, at *2 (D. Kan. Nov. 26, 2008); *Akright v. Flex Fin. Holding Co.,* No. 08–2038–CM–GLR, 2008 WL 1958345, at *2 (D. Kan. May 2, 2008)).

[15] *Id*. at *4 (collecting District of Kansas and Tenth Circuit cases where courts have not allowed an untimely filing) (citing *Sizemore v. State of N.M. Dep't of Labor,* 182 Fed. Appx. 848, 852–53 (10th Cir. 2006); *Ghamrawi v. Case & Assocs. Props. Inc.,* 116 Fed. Appx. 206, 210 (10th Cir. 2004); *Almond v. Unified Sch. Dist. No. 501,* No. 07–4064–JAR, 2008 WL 1773863, at *4 (D. Kan. Apr. 16, 2008)).

[16] *Id*.

overlooked a dispositive motion received with other documents[17] or where a party's employees mishandled an order to show cause,[18] the miscommunication between Defendant and its counsel is best described as excusable neglect. Accordingly, this factor also weighs in Defendant's favor.

### 4. Whether Movant Acted In Good Faith

Plaintiff argues Defendant's delay in reaching out to Plaintiff's counsel—despite being on notice of their identities, since the date of the cease and desist letter—suggests a level of bad faith. Although Defendant was surely aware of the identity of Plaintiff's counsel, the Court cannot assume bad faith simply because Defendant failed to contact Plaintiff rather than seek its own counsel to handle communications. Had Defendant then waited some unreasonable amount of time to seek local counsel, after discovering the miscommunication with its Colorado attorney, perhaps the Court would think otherwise. But under these circumstances, where Defendant sought Kansas counsel quickly, and Kansas counsel acted within hours to contact Plaintiff upon engagement, the Court cannot find bad faith. This factor, then, also weighs in favor of Defendant.

## C. Conclusion

Weighing all of the above factors, the Court in its discretion finds Defendant's failure to timely respond to the Complaint amounts to excusable neglect. Because the

---

[17] *See Hancock,* 857 F.2d at 1395–96.
[18] *See Scott*, 2010 WL 1881058, at *4.

Court prefers the case to proceed on its full merits,[19] Defendant is permitted to file its responsive pleading out of time.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Answer or Otherwise Respond Out of Time (**ECF No. 6**) is **GRANTED**. Defendant shall respond to the Complaint on or before **June 5, 2017**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 22nd day of May, 2017.

     s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[19] *Cochran*, 2015 WL 2114025, at *4 n. 27-28 (discussing whether to set aside an entry of default and allow defendant to file its answer out of time) (citing *Crutcher,* 205 F.R.D. at 584) (quoting *Gomes,* 420 F.2d at 1366)).