IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLAIMSOLUTION, INC., )
)
                Plaintiff, )
)
v. ) Case No. 17-2005-JWL
)
CLAIM SOLUTIONS, LLC, )
)
                Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. # 11). For the reasons set forth below, the Court **grants** the motion, and this action is hereby dismissed.

According to its complaint, plaintiff ClaimSolution, Inc. is a corporation located in Kansas that offers insurance claim processing and administration services to insurers; while defendant Claim Solutions, LLC is a company located in Colorado that offers insurance claim services to insureds. Plaintiff asserts claims against defendant for trademark infringement and cybersquatting under federal law and for common-law trademark infringement and unfair competition, based on defendant's use of its name and website. Defendant moves to dismiss the action for lack of personal jurisdiction.

The federal statutes at issue here do not provide for nationwide service of process; thus, the parties agree that the Court must apply the law of the forum state. The Kansas

long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process. *See Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775 (1987)). For jurisdiction satisfying due process, the defendant "must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice." *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (internal quotation omitted) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Plaintiff does not assert that defendant's contacts with Kansas give rise to general jurisdiction over defendant; rather, plaintiff argues that defendant is subject to specific jurisdiction in this case. A plaintiff asserting specific jurisdiction must satisfy two requirements to show minimum contacts: "first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *See id.* at 1071 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Purposeful direction" is indicated by an intentional action expressly aimed at the forum state with knowledge that the brunt of the injury would be felt there. *See id.* at 1072.

The Court begins by determining the relevant facts to be considered in its analysis. A plaintiff bears the burden of establishing personal jurisdiction. *See id.* at 1069. When the issue is raised at the pleading stage based on allegations and affidavits, the plaintiff may meet its burden by a prima facie showing of jurisdiction. *See id.* at

2

1070. The Court accepts as true all well-pleaded (plausible, non-conclusory, non-speculative) facts alleged by the plaintiff, unless those facts are controverted by affidavit. *See Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011). Factual disputes in the parties' affidavits are resolved in the plaintiff's favor at this stage. *See Dudnikov*, 514 F.3d at 1070.

In its complaint, plaintiff alleges that it is located in Kansas; that defendant is located in Colorado; that defendant maintains a website, www.claimsolutionspa.com, to promote the business; and that defendant did not cease its allegedly infringing activities (use of its name and domain name) after plaintiff sent defendant a cease-and-desist letter. With respect to jurisdiction, plaintiff alleges conclusorily that defendant engaged in acts in Kansas causing injury, engaged in acts outside Kansas resulting in injury in Kansas, or otherwise had sufficient contacts with Kansas. Plaintiff further alleges upon "information and belief" that defendant offers its services "throughout the Denver metropolitan area and into western Kansas." Finally, plaintiff has attached to its complaint two pages from defendant's website, which pages note defendant's license in Colorado and contain no reference to Kansas.

With its motion to dismiss, defendant has provided a sworn declaration in which its managing partner states that defendant operates and is licensed only in Colorado; that defendant has no office or agent in Kansas; that defendant does not operate, do business, offer services, advertise, or solicit business in Kansas; and that the accused website refers to no state licensures other than for Colorado. Thus, by this declaration, defendant

3

has provided evidence to controvert any allegation that defendant does or solicits any business in Kansas. Plaintiff's own declaration in response does not controvert any of the facts contained in defendant's declaration. In plaintiff's declaration, its employee states that plaintiff's client found defendant's website while looking for plaintiff on-line, believed the two companies to be the same, and expressed concerns about a conflict of interest in representing both insurers and insureds. Although the declarant states that that client conducts business in Kansas, she does not state that the client itself is located in Kansas.

Thus, for purposes of its analysis, the Court assumes the following facts: Defendant does no business in Kansas and does not solicit business in Kansas. Defendant's website refers only to being licensed in Colorado and does not refer to Kansas. Defendant did not cease the allegedly infringing activities after receiving notice from plaintiff. One client was confused about defendant's use of its name and website, but there is no evidence that any Kansas resident experienced such confusion.

Given these facts, plaintiff, in opposing the motion, relies solely on defendant's use of its website and defendant's knowing (after receipt of the cease-and-desist letter) use of its name and domain name in (alleged) violation of federal and state law.[1] Plaintiff relies on two Kansas district court cases in which the courts considered minimum contacts established through use of websites. The Tenth Circuit, however, has

---

[1] In its argument, plaintiff does not rely on its allegation on "information and belief" that defendant offers its services in western Kansas.

4

considered that issue more recently in *Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011). The court in *Shrader* noted the particular problem in considering personal jurisdiction in the internet context, as the internet effectively operates in every state. *See id.* at 1240. The court concluded that "[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *See id.* at 1241. Rather, the defendant must have intentionally directed its internet activity or operation at the forum state. *See id.* at 1240-41. Thus, "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *See id.* at 1241.

In the present case, the evidence is that defendant's activities, including operation of its website, are *not* directed to residents in Kansas, where defendant is not licensed and does no business. Therefore, defendant's maintenance of its website does not provide a basis for jurisdiction here.

*Shrader* also disposes of plaintiff's argument for jurisdiction based on defendant's allegation that defendant knowingly caused injury to a Kansas resident. In that case, in concluding that posting an allegedly defamatory statement about a forum resident did not create a sufficient connection to the forum state, the Tenth Circuit stated that a "plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction." *See id.* at 1244. Although some courts have found it sufficient "when the

5

defendant targets a known forum resident," the Tenth Circuit has taken a more restrictive approach, holding that "the forum state itself must be the focal point of the tort." *See id.* (emphasis and internal quotation omitted) (quoting *Dudnikov*, 514 F.3d at 1074 n.9). In this case, although a Kansas resident was the victim of the alleged tort, there is no evidence to suggest that Kansas was the focal point of the allegedly tortious activity, as, again, defendant did not direct its activities, on-line or otherwise, at Kansas residents.

Plaintiff relies most heavily on *Rainy Day Books, Inc. v. Rainy Day Books & Café, L.L.C.*, 186 F. Supp. 2d 1158 (D. Kan. 2002), in which the court concluded that "it was the Defendant's own actions of maintaining a commercial website with the knowledge that it allegedly infringed upon Plaintiff's service mark and that Plaintiff's primary bookstore business operated in Kansas that created the minimum contacts with the forum." *See id.* at 1165. In that case, the court applied a sliding scale for internet activities first articulated in the case of *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Rainy Day Books*, 186 F. Supp. 2d at 1163 (citing *Zippo*). In *Shrader*, although it noted the *Zippo* test, the Tenth Circuit declined to adopt it. *See Shrader*, 633 F. 3d at 1242 n.5. The Court agrees with another judge of this district who recently rejected application of the *Zippo* sliding scale and concluded that the analysis is more appropriately governed by the standards set forth by the Tenth Circuit in *Shrader*. *See Inspired by Design, LLC v. Sammy's Sew Shop*, 200 F. Supp. 3d 1194, 1205 (D. Kan. 2016). In the other case on which plaintiff relies here, *Toytrackerz LLC v. Koehler*, 2009 WL 1505705 (D. Kan. May 28, 2009), the court noted that

6

appellate courts since *Zippo* have incorporated various additional requirements for internet contacts, *see id.* at *7. Thus, even if this Court applied the *Zippo* test, it would still be required to find satisfaction of *Shrader*'s requirement of internet activity aimed at the forum state.

Finally, application of the *Zippo* test would not help plaintiff in this case, as plaintiff has provided no evidence that defendant clearly does business over the internet and thus enters into contracts with residents of the forum state—or even that defendant exchanges information over the website with residents of other states (where it is not licensed). Instead, the only evidence is that defendant's website is passive with respect to Kansas residents, and such a website does not confer personal jurisdiction under the *Zippo* test. *See Shrader*, 633 F.3d at 1242 n.5 (setting out the test). Thus, the present case is easily distinguished from *Rainy Day Books*, in which the defendant conducted business over its site with residents of other states, including Kansas. *See Rainy Day Books*, 186 F. Supp. 2d at 1163-64.

Moreover, in *Toytrackerz*, cited by plaintiff, the court applied the *Zippo* test, but it refused to find jurisdiction over one defendant whose only contact with Kansas was the alleged infringement of the plaintiff's trademark despite having received notice from the plaintiff. *See Toytrackerz*, 2009 WL 1505705, at * 16-17. The court noted that more was required under Tenth Circuit precedent, as the mere commission of a business tort against a Kansas resident is not sufficient. *See id.* (citing *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077-80 (10th Cir. 1995)). The Tenth Circuit confirmed in

7

*Shrader* that more is required than the allegation that the internet activity injured a Kansas resident. There is nothing more in this case, however.

Thus, the Court concludes that plaintiff has failed to establish that defendant purposefully directed its activities at Kansas as required for a finding of minimum contacts sufficient to confer personal jurisdiction.[2] Accordingly, the Court grants defendant's motion and dismisses the action.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss for lack of personal jurisdiction (Doc. # 11) is **granted**, and this action is hereby dismissed.

IT IS SO ORDERED.

Dated this 30th day of June, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge

---

[2] In light of that conclusion, the Court need not address the reasonableness of exercising jurisdiction in this case.

[3] The Court denies plaintiff's alternative request for jurisdictional discovery. The parties' competing declarations did not present any factual disputes (which the Court would have resolved in plaintiff's favor at any rate), and plaintiff has not identified any facts that it may discover that would permit jurisdiction here.